IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASAAN WALKER,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| v. | : | |
| | : | |
| | : | No. 11-5762 |
| | : | |
| **ROBERT MCMILLEN, et al.,** | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this 19th day of December, 2013, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. No. 1) and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. No. 11) and response thereto,[1] it is hereby

**ORDERED** that:

---

[1] Counsel for the petitioner filed several objections to the Report and Recommendation. While I find that the Report and Recommendation fairly, accurately, and thoroughly analyzes the petitioner's request for relief, I will briefly address the petitioner's objections, in order to further clarify why his petition cannot proceed.

Petitioner's counsel objects to the use of the Antiterrorism and Effective Death Penalty Act's (AEDPA) deferential standard of review because she claims that the state court's PCRA decision was "contrary to" Strickland, which is "clearly established federal law." Counsel claims that the state court did not consider the totality of the circumstances or the cumulative negative effects of the deficient performance of counsel. Overall, counsel argues that AEDPA's deferential standard would not apply because the state court made "a conscious choice not to follow the Strickland standard" thereby forfeiting its right to deferential review. Counsel, however, offers neither facts nor parts of the record to support these assertions. I find nothing to support counsel's argument.

Petitioner's counsel also objects to Judge Sitarski's splitting the petitioner's ineffectiveness claim. As Judge Sitarski already addressed in her Report and Recommendation, the petitioner's first habeas claim presented two distinct issues—one for failure of trial counsel to explain the elements of the crime to which the petitioner pled and one for failure of trial counsel to consult with petitioner about withdrawing his plea or filing an appeal. As Judge Sitarski explained, these two alleged failures by trial counsel are two distinct actions or omissions by counsel requiring separate legal analysis. In addition, counsel offers case law that is either non-binding or irrelevant to support her argument, again without citing to the record or facts which would rebut this determination. I find counsel's objection to be without merit. In fact, it appears as if counsel included both issues in one claim in order to circumvent procedural default.

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court is directed to mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

Next, petitioner's counsel objects to the analysis of the conflict of interest claim. Counsel's arguments offer nothing to show that a disclosure of the alleged conflict of interest would have changed the ultimate outcome of petitioner's case. Therefore, I find no merit to this objection.

Lastly, petitioner's counsel objects to Judge Sitarski's analysis of the failure to consult claim. Yet, in making her arguments, counsel agrees with the legal analysis used by Judge Sitarski—that there is a duty to consult about an appeal "when there is reason to believe that a rational defendant would want to appeal." She simply states that the defendant's jail sentence and contention that he didn't want to kill anyone (though he confessed he did) would have warranted a rational defendant to appeal. Yet, she fails to explain why a defendant like the petitioner—who received a plea for two counts of third-degree murder when facing two counts of first-degree murder—would be rational in wanting to appeal this plea. Appealing a plea which was highly favorable to the petitioner would not have made sense, given the penalties he could have received if convicted of two counts of first-degree murder. For these reasons, I find this objection to be baseless.

For the above-stated reasons, I will adopt and approve Judge Sitarski's Report and Recommendation.